IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY RENTZ,

   Plaintiff,

v.

EUGENE CARSIA, THOMAS CIPRIANO, LEWIS CORREALE, FRANK GEORGE, ROBERT KELLER, ROBERT LAYSHOCK, ANTHONY LONZETTA, JOSEPH SCITNEY, ROBERT STEFANOVICH, CHRISTOPHER CARSIA, and GREATER HAZLETON JOINT SEWER AUTHORITY,

   Defendants.

CIVIL ACTION NO. 3:05-CV-1081

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendants' Motion to Dismiss (Doc. 5). For the reasons set forth below, Defendants' motion will be granted. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

## BACKGROUND

Anthony Rentz was employed by Greater Hazleton Joint Sewer Authority ("Authority") for twenty-seven (27) years. (Doc. 1 ¶ 17.) Plaintiff's position, in the Maintenance Department of Defendant Authority, was covered by a collective bargaining agreement between Defendant Authority and the United Steelworkers of America, AFL-CIO-CLC Union for Maintenance Employees for the period from May 15, 2001 up to May 14, 2006 ("Collective Bargaining Agreement"). (Doc. 1 ¶ 23.)

In June 2003, Defendant Authority created the position of Electromechanical

1

Technician ("new position"). (Doc. 1 ¶ 23.) On June 30, 2003, the Authority notified all maintenance worker employees of the new position and opened the position to bidding within the bargaining unit. (Doc. 1, Ex. B.) According to Plaintiff, the new position created by Defendant Authority involved essentially the same duties as Plaintiff's position. (Doc. 1 ¶ 21.) The new position was filled by Ryan Peterko who had been employed by Defendant Authority for less than one year and was of a substantially younger age than Plaintiff. (Doc. 1 ¶ 22.)

Then, on September 22, 2003, by correspondence to Joseph Possa, Sub-District Director of the United Steelworkers of America, Christopher Carsia indicated that the number of employees within the Maintenance Department of Defendant Authority would be reduced by one (1) full time employee. (Doc. 1 ¶ 19.) Subsequently, Plaintiff was terminated from his position with Defendant Authority on September 22, 2003. (Doc. 1 ¶ 26.) According to the Complaint, Plaintiff's position of employment was already approved and included in Defendant Authority's budget for the year of 2003. (Doc. 1 ¶ 18.)

Plaintiff also asserts that, contrary to the express terms and conditions of the Collective Bargaining Agreement, Defendant Authority failed to provide him with two hundred and seventy (270) calendar days in order to train or become licensed for the new position. (Doc. 1 ¶¶ 24-25.) Furthermore, Plaintiff alleges that Defendants conspired to terminate Plaintiff from his position by crafting certain specifications and requirements for the new position, with the intent and design to preclude Plaintiff from filling for that position. (Doc. 1 ¶ 28.) Plaintiff further contends that Defendants prohibited him from obtaining the new position out of "personal animosity and disdain for Plaintiff . . .," and "solely by reason of Plaintiff's affiliation and association, which were

contrary to that of Defendants." (Doc. 1 ¶¶ 29-30.)  Namely, Plaintiff asserts that Defendants' alleged actions were taken in order to hire Ryan Peterko, who was an "affiliate" of Leland Radley, Plaintiff's supervisor.  In the alternative, Plaintiff asserts that the real reason for his termination had to do with his age.  (Doc. 1 ¶ 40-41.)

In 2004, Plaintiff filed a complaint with the Pennsylvania Human Relations Commission.  On May 26, 2005, Plaintiff filed his Complaint in this Court alleging: violations of 42 U.S.C. § 1983 through the infringement of his rights under the First Amendment, age discrimination in violation of the Pennsylvania Human Relations Act ("PHRA"), and breach of contract.  (Doc. 1.)  Defendants filed the present Motion to Dismiss on July 18, 2005.  (Doc. 5.)  The motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the

document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

**1.    Section 1983 and First Amendment Claims**

Two elements must be present in order to state a claim under 42 U.S.C. § 1983: (1) the conduct complained of must have deprived Plaintiffs of rights, privileges and immunities secured by the Constitution or laws of the United States; and (2) the conduct must have been committed by a person acting under color of state law. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 923 (1982); *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d. Cir. 1993).

In Count I of the Complaint, Plaintiff alleges that Defendants violated § 1983 by infringing his right to freedom of association under the First Amendment. Defendants

argue that Plaintiff has failed to plead the necessary elements of his claim under the First Amendment and, therefore, has failed to state a claim upon which relief may be granted. Plaintiff counters that he has complied with the liberal system of notice pleading established by the Federal Rules of Civil Procedure.  For the following reasons, I will grant Defendants' motion with regard to Count I of the Complaint.

    **a.**     **Freedom of Association**

In *Elrod v. Burns*, 427 U.S. 347 (1976), the Supreme Court recognized that a public employee who alleges that he was discharged because of his partisan political affiliation or nonaffiliation states a viable claim under § 1983 that his First Amendment rights have been violated.  In order to succeed on a claim for termination based on his political affiliation or nonaffiliation, Plaintiff must prove: (1) he worked for a public agency in a position that does not require a political affiliation; (2) he maintained an affiliation or nonaffiliation with a political party; and (3) his political affiliation or nonaffiliation was a substantial or motivating factor in the adverse employment decision.  *Goodman v. Pa Tpk. Comm'n,* 293 F.3d 655, 663-64 (3d Cir. 2002) (citations omitted).  "Finally, if the above elements are satisfied, the employer 'may avoid a finding of liability by demonstrating by a preponderance of the evidence that it would have made the same decision even in the absence of the protected affiliation.'" *Id.* at 664 (quoting *Robertson v. Fiore*, 62 F.3d 596, 599 (3d Cir. 1995)).

As stated previously, Defendants argue that Plaintiff has failed to plead the necessary elements of his claim for violation of his right to freedom of association under the First Amendment.  Specifically, Defendants argue that Plaintiff has failed to allege

5

that he maintained a political affiliation, and has also failed to allege any information from which an inference can be made that Defendants' actions were related to Plaintiff's political affiliation or nonaffiliation; such as an allegation of recent elections or other political event or candidate that Plaintiff did or did not support.  Plaintiff argues that his pleading fulfills the requirements of Rule 8 of the Federal Rules of Civil Procedure.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Id.*  In *Conley v. Gibson*, 355 U.S. 41 (1957), the Supreme Court further explained:

> The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

*Id.*, at 47 (footnote omitted).  As such, dismissal of a claim is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint."  *Trump,* 140 F.3d at 483; *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003) (quoting *Conley*, 355 U.S. at 45-46).  The Court, however, need not assume that Plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh*, 147 F.3d at 263; and Plaintiff must set forth information from which each element of his claim may be inferred.  *See Kost*, 1 F.3d at 183.

In the present case, Plaintiff does not allege any political affiliation or nonaffiliation;

or political motivation for his termination.  Moreover, Plaintiff alleges only that "the younger employee, Peterko, is an affiliate of [Plaintiff's supervisor] Leland Radley," (Doc. 1 ¶ 27), and that Defendants acted "in blatant disregard for Plaintiff's rights to affiliate and associate with any and all individuals, whether in agreement, friendship, or contrary to that of Defendants . . . in profound violation of Plaintiff's rights arising under The First Amendment and 42 U.S.C. § 1983."  (Doc. 1 ¶ 34.)  Further, Plaintiff states that, "Defendants, individually and in concert with one another, acted out of personal animosity and disdain for Plaintiff. . . ."  (Doc. 1 ¶ 29.)  Viewing the Complaint in the light most favorable to Plaintiff, Plaintiff has failed to set forth information from which a political affiliation or nonaffiliation can be inferred, and therefore, has failed to set forth information from which each element of his claim may be inferred.  As such, Plaintiff has failed to give Defendants fair notice of the grounds upon which Plaintiff's claim rests.  Thus, I will grant Defendants' motion with regard to Count I of the Complaint.

**2.     Breach of Contract**

Defendants assert that Plaintiff's claim for breach of contract in Count III of the Complaint is preempted by Section 301 of the Labor Management Relations Act ("LMRA"), and therefore subject to a six-month statute of limitations period.  Defendants further assert that Plaintiff failed to file his claim within the applicable statute of limitations period, and as such, Plaintiff's breach of contract claim does not state a claim upon which relief may be granted.  I agree.

> Section 301 provides that:
>
>> Suits for violation of contracts between an employer and
>> a labor organization representing employees in an industry
>> affecting commerce as defined in this chapter, or between

7

>any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  Moreover, "Section 301 has broad preemptive effect and precludes state consideration and regulation of collective bargaining disputes." *Myers v. AK Steel Corp.*, No. 04-4258, 2005 U.S. App. LEXIS 27032, at *3-4 (3d Cir. Dec. 8, 2005).  Therefore, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim . . .or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (citation omitted).  Furthermore, claims under Section 301 are subject to a six-month statute of limitations period.  *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 593 (3d Cir. 2005) (citing *Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983)).

      Plaintiff's breach of contract claim alleges that he was denied the two hundred and seventy (270) calendar days in which to train or become licensed for the new position, which he was entitled to "pursuant to the express terms and conditions of the Collective Bargaining Agreement . . . ."  (Doc. 1 ¶ 48.)  Furthermore, Plaintiff's breach of contract claim also asserts that, "during the course of Plaintiff's employment with Defendant, Authority, the rights and liabilities of Plaintiff were defined pursuant to the Collective Bargaining Agreement . . . ."  (Doc. 1 ¶ 46.)  It is clear, therefore, that resolution of Plaintiff's breach of contract claim is substantially dependent upon analysis of the terms of the Collective Bargaining Agreement; and, as such, Plaintiff's claim is preempted by Section 301.  Thus, Plaintiff's claim in Count III of the Complaint is subject to a six-month

statute of limitations.

"With regard to a section 301 claim, the limitations period commences 'when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.'" *Podobnik*, 409 F.3d at 593 (quoting *Vadino v. A. Valey Engineers*, 903 F.2d 253, 260 (3d Cir. 1990)).  In Plaintiff's case, the violation alleged in Count III would have occurred when Plaintiff was terminated on September 22, 2003, without having been provided with the opportunity to train or become licensed for the new position.  Plaintiff's Complaint, however, was filed on May 26, 2005.  As such, Plaintiff's claim was not filed within the six-month statute of limitations period and Plaintiff has failed to state a claim upon which relief may be granted.  Defendants' motion will be granted with regard to this claim.

**3.      PHRA: state law claim**

In Count II of the Complaint, Plaintiff raises a state law claim for age discrimination in violation of the PHRA.  Because I will dismiss all of Plaintiff's federal law claims, I decline to exercise supplemental jurisdiction over Plaintiff's state law claim.  28 U.S.C. § 1367© ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction, . . .").   I will dismiss this claim without prejudice.

## CONCLUSION

First, Plaintiff has failed to give Defendants fair notice of the grounds upon which his claim for violation of his rights under the First Amendment rests.  Therefore, Defendants' motion will be granted with respect to Count I of the Complaint.  Second,

Plaintiff's claim in Count III of the Complaint was not filed within the applicable six-month state of limitations period and, as such, Plaintiff has failed to state a claim upon which relief may be granted.  Thus, Defendants' motion will be granted with regard to this claim.  Lastly, I decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

     An appropriate Order will follow.


 January 24, 2006                                    /s/ A. Richard Caputo
Date                                                  A. Richard Caputo
                                                        United States District

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTHONY RENTZ, | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-1081 |
| v. | |
| EUGENE CARSIA, *et al.*, | (JUDGE CAPUTO) |
| Defendants. | |

### ORDER

**NOW**, this \_\_\_24th\_\_\_ day of January, 2006, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 5) is **GRANTED**:

    i.    Count I of Plaintiff's Complaint is **DISMISSED**.

    ii.    Count II of Plaintiff's Complaint is **DISMISSED without prejudice.**

    iii.    Count III of Plaintiff's Complaint is **DISMISSED**.

    iv.    The Clerk of Court shall mark this case **CLOSED**.

    /s/ A. Richard Caputo
    A. Richard Caputo
    United States District Judge